# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSE HERNANDEZ, | ) | Case No.: 2:12-cv-00369-MMD-CWH |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| INDYMAC BANK; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

Before the Court is Plaintiff Jose Hernandez's Emergency Ex Parte Application for Temporary Restraining Order (ECF No. 11).  Also before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 12).  Defendant Quality Loan Service Corporation filed a Response (ECF No. 13.)

## FACTS AND BACKGROUND

Plaintiff Jose Hernandez is the owner of the property located at 3276 Costa Smeralda Cir., Las Vegas, Nevada ("the Property"). (Compl. ¶9, ECF No. 1–1.)  The Property was financed through the execution of a note and deed of trust promising to repay the sum of $780,000 in monthly installments to IndyMac Bank, FSB ("IndyMac"). (*Id.* at ¶10.)  The deed of trust ("DOT") was recorded on September 3, 2003 in the official records of Clark County, Nevada. (*Id.* at ¶ 11; DOT, Ex. 1 attached to Response, ECF No. 15–1.)  The DOT designates Old Republic Title Company ("Old Republic") as the Trustee. (Compl. at ¶ 11; DOT.)

On July 2, 2007, IndyMac recorded its assignment of the beneficial interest under the deed of trust to Deutsche Bank National Trust Company ("Deutsche Bank") as Trustee of IndyMac INDX Mortgage Loan Trust 2005-AR9 Mortgage Pass-Through Certificates Series 2005-AR9.

(Assignment, Ex. 2 attached to Response, ECF No. 15–1.)

In July 2008, IndyMac failed and was seized by the Federal Deposit Insurance Corporation, which transferred all non-brokered insured deposits from IndyMac to IndyMac Federal Bank, FSB ("IndyMac Federal").  In October 2008, Plaintiff defaulted on the promissory note, and subsequently attempted to negotiate a loan modification in December 2008, without success.  Plaintiff does not claim that he is current on his payments.

On March 9, 2009, IndyMac Federal substituted Quality Loan Service Corp. ("Quality Loan") as the Trustee under the DOT instead of Old Republic, and the substitution was recorded on March 19, 2009. (Substitution of Trustee "SOT", Ex. 5 attached to Response, ECF No. 13–5.)

On March 10, 2009, Quality Loan recorded a Notice of Breach and Default and Election to Sell ("NOD") "as agent for beneficiary." (NOD, Ex. 4 attached to Response, ECF No. 13–4.)

On March 19, 2009, all assets and operations of IndyMac Federal were transferred to the newly chartered OneWest Bank, FSB ("OneWest").  On June 11, 2009, a Notice of Trustee's Sale was sent by Quality Loan which set a sale date of July 6, 2009. (Notice of Trustee's Sale, Ex. 6 attached to Response, ECF No. 13–6.)  Plaintiff filed for Chapter 7 bankruptcy on July 5, 2009, and the sale was subsequently cancelled.

On December 8, 2009, OneWest recorded its assignment of the beneficial interest under the deed of trust to Deutsche Bank. (Assignment, Ex. 7 attached to Response, ECF No. 17–7.) On December 9, 2011, Plaintiff received an order of discharge from the United States Bankruptcy Court.

On January 30, 2012 another Notice of Trustee's Sale was issued (the Notice at dispute in this action). (Notice of Trustee's Sale, 1-20-12, Ex. 9 attached to Compl., ECF No. 1–1.)  The Notice was sent by Quality Loan and state that the sale was to take place on February 21, 2012. (*Id.*)  Apparently the sale was rescheduled to March 2, 2012. (Hernandez Affidavit, 4:4–6, ECF No. 13.)

Plaintiff filed the instant suit on February 28, 2012 in state court, alleging two causes of action, declaratory relief and injunctive relief.  Under the first cause of action for declaratory relief, Plaintiff seeks a declaration from the Court that the Notice of Sale recorded on January 30, 2012 failed to provide sixty days' notice as required by NRS 107.085, and failed to substantially conform to the requirements of NRS 107.085(3).  Plaintiff alleges that Quality Loan is not an authorized trustee and lacks authority to foreclose pursuant to NRS 107.080.  Plaintiff alleges that IndyMac is not the beneficiary on whose behalf Quality Loan seeks to conduct the trustee's sale.  Plaintiff alleges that the March 10, 2009 NOD is stale and void because of Plaintiff's intervening Chapter 7 bankruptcy and the length of time between the recording of the NOD and the notice of trustee's sale.  Plaintiff also alleges that Deutsche Bank "cannot establish a beneficial interest in the subject deed of trust due to the collaterization of the deed of trust, or receipt of guarantee payments transferring interest from Deutsche Bank." (Compl., 6:XXVIII(6).)  Under the second cause of action for injunctive relief, Plaintiff requests a temporary restraining order preventing the trustee's sale, and a preliminary injunction preventing foreclosure pending trial on the merits.

Plaintiff received a temporary restraining order from state court on March 1, 2012. (State TRO, ECF No. 1-2.)  Before the state court preliminary injunction hearing scheduled for March 15, 2012, was held, Defendants removed the case to this Court on March 7, 2012.  Plaintiff filed the instant motion for an emergency temporary restraining order on March 28, 2012, to stop the rescheduled trustee's sale set for April 2, 2012.  Defendants claim that the trustee's sale is set for May 2, 2012, not April 2, 2012, as claimed by Plaintiff.

In the instant motion, Plaintiff re-characterizes his allegation that the NOD is void, alleging instead that it "is void due to issuance by a party other than the designated trustee Old Republic Title." (Federal TRO Motion, 3:¶5, ECF No. 11.)  Plaintiff also argues that "[d]ue to the assignments of the subject deed of trust on July 2, 2007, it appears that IndyMac Bank was

not the beneficiary of the deed of trust and lacked authority to designate Quality Loan Service Corporation as trustees on March 19, 2009." (*Id.*, 6:8-11.)  Plaintiff argues that because the deed of trust was assigned from IndyMac to Deutsche Bank on July 2, 2007, and from OneWest to Deutsche Bank on December 8, 2009, foreclosure on behalf of Indymac is contrary to NRS 107.080. (*Id.*, 6:11-15.)

## DISCUSSION

**A.    Legal Standard**

Under Fed. R. Civ. P. 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss or damage will result to plaintiff if the order is not issued to support their motion for a temporary restraining order.  Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order.").  The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

The Supreme Court reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "*likely*," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 37476 (2008).  The Supreme Court has made clear that a movant must show both "that he is *likely* to succeed on the merits [and] that he is *likely* to suffer irreparable harm in the absence of preliminary relief . . . ." *Winter*, 129 S. Ct. at 374 (citing *Munaf v. Geren,* 128 S. Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell,* 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311–12 (1982)) (emphases added).

A recent Ninth Circuit decision has clarified whether the sliding scale approach is still a valid test under *Winter.*  In *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, (9th Cir. 2011), the court held that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter.*  "[T]he 'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test.  That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

**B.    Analysis**

"A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases 'brought by any interested party' involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." *Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) (citing 28 U.S.C. § 2201 "any court of the United States, upon the

filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought"). "In the particular context of injunctive and declaratory relief, a plaintiff must show that he has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with 'a sufficient likelihood that he will again be wronged in a similar way'" in order to demonstrate standing to seek such relief. *Canatella v. State of California*, 304 F.3d 843, 854 (9th Cir. 2002) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) and *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

In his Complaint, Plaintiff seeks the relief of an injunction by way of the Court's declaration of the rights of the parties. Plaintiff appears to request the Court's declaration stating which entity is the beneficiary and which entity is the authorized trustee under his deed of trust. However, Plaintiff does not allege that he has the right to enjoin foreclosure proceedings initiated by the beneficiary or its trustee. In the instant motion, Plaintiff seeks preliminary relief enjoining any trustee's sale or foreclosure pending the Court's resolution of the Complaint on the merits.

Plaintiff argues that he is likely to succeed on the merits because (1) the Notice of Sale recorded on January 30, 2012 failed to provide sixty days' notice prior to the scheduled sale as required by NRS 107.085; (2) the Notice of Sale failed to substantially conform to the requirements of NRS 107.085(3); (3) Quality Loan is not an authorized trustee and lacks authority to foreclose on any deed of trust encumbering the subject property pursuant to NRS 107.080; (4) IndyMac is not the beneficiary of the deed of trust on whose behalf Quality Loan purportedly seeks to conduct trustee's sale; and (5) the March 10, 2009, NOD is void due to issuance by a party other than the designated trustee Old Republic Title. However, as discussed below, none of these allegations support Plaintiff's standing to challenge the foreclosure or demonstrate a likelihood of success on the merits. Therefore, Plaintiff's motions will be denied.

/ / /

### 1.    Notice of Sale

Assembly Bill No. 149 sec. 3 (NV. 2009) amended NRS 107.085 to require a trustee to furnish a notice to a debtor at least 60 days prior to the sale in the form specified in the statute advising the debtor that he is in danger of losing his home.  This change did not become effective until July 1, 2009. *See* Assembly Bill No. 149 sec. 6 (NV. 2009).  The Notice of Default in this case was issued on March 10, 2009, before the amendment took place and therefore this change does not apply to Plaintiff's loan.  Plaintiff does not allege that his loan is impacted by the previous provisions of NRS 107.085 which required the sixty day notice to debtors who had a deed of trust which was defined as a high cost loan under the provisions of § 152 of the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1602(aa).

Plaintiff does not explain how the Notice of Sale failed to substantially conform to the requirements of N.R.S. 107.085(3).  Therefore, the Court cannot make a finding that Plaintiff is likely to succeed on his claims under this allegation.

### 2.    Statutory Defect in Foreclosure

Plaintiff's final three contentions challenge Quality Loan's authority to foreclose pursuant to NRS 107.080.  To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of the breach and election to sell. NRS 107.080(2)(c).  A foreclosure sale may be declared void if the trustee or other person authorized to make the sale did not substantially comply with the foreclosure statutes. NRS 107.080(5).  No other relief to a mortgagee is provided where statutory defect in foreclosure exists and the mortgagee is not current in his payments.

Nevada Assembly Bill 284 amended Nevada's foreclosure statutes, such that assignments of a deed of trust must now be recorded, but this amendment only applies to assignments occurring on or after October 1, 2011.  Prior to this date, any assignment need not be recorded to be effective.

From the documents submitted to the Court, the chain of beneficiaries and trustees does not appear to be complete.  There is an apparent gap between the July 2, 2007 recorded assignment of the beneficial interest to Deutsche Bank, and the March 10, 2009, recorded NOD by Quality Loan as agent for the beneficiary.  In order for Quality Loan's NOD to be statutorily valid, evidence of Quality Loan's authority as agent for the beneficiary must exist.  Plaintiff is correct that this authority is not evident from the documents submitted to the Court, and the beneficiary appears to be either Deutsche Bank, Indymac Federal, or OneWest.

If it cannot be shown that Quality Loan was authorized by the beneficiary when it issued the NOD on March 10, 2009, then any foreclosure sale proceeding from that NOD may be declared void.  However, because Plaintiff does not allege that he is current in his mortgage payments, can pay the balance in full, or that he is otherwise entitled to the deed of trust, the Court cannot find that Plaintiff has standing to pursue a declaratory judgment in his favor.

Here, Plaintiff must show a likelihood of irreparable injury and that the injunction is in the public interest.  The Court must also determine whether Plaintiff has shown that there is a strong likelihood of success on the merits and a balance of hardships in his favor, or that there are 'serious questions going to the merits' and a balance of hardships that tips sharply towards Plaintiff.

The Court finds that Plaintiff has not done so.  Plaintiff does not demonstrate the standing required to pursue a declaratory judgment, nor does he demonstrate a strong likelihood of success on the merits or a balance of hardship that tips sharply towards himself.

Accordingly, the Court will deny Plaintiff's requests for temporary restraining order and for preliminary injunction.

## CONCLUSION

**IT IS HEREBY ORDERED** that Jose Hernandez's Emergency Ex Parte Application for Temporary Restraining Order (ECF No. 11) and Motion for Preliminary Injunction (ECF No. 12)

1    are **DENIED**.

2          **DATED** this 8th day of June, 2012.

3

4          _____

5          Gloria M. Navarro
           United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25