UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSE HERNANDEZ,<br><br>                    Plaintiff,<br>   v.<br>INDYMAC BANK, et al.,<br><br>                    Defendants. | Case No. 2:12-cv-00369-MMD-CWH<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 7;<br>Defs.' Motion to Dismiss – dkt. no. 22;<br>Plf.'s Motion for Preliminary<br>Injunction – dkt. no. 48) |

Before the Court is Defendant Quality Loan Service Corporation's Motion to Dismiss (dkt. no. 7), Defendants OneWest Bank, FSB and Deutsche Bank National Trust Company's Motion to Dismiss (dkt. no. 22), and Plaintiff Jose Hernandez's Motion for Preliminary Injunction (dkt. no. 48). After issuing a temporary restraining order enjoining foreclosure, the Court held a hearing on this Motion on October 29, 2012. (Dkt. no. 55.) The Motions are decided in accordance with the reasoning set forth below.

**I.    BACKGROUND**

Plaintiff Jose Hernandez purchased real property located at 3276 Costa Smeralda Circle, Las Vegas, Nevada 89117 ("the Property") on or about August 6, 1997. (Dkt. no. 39 at 8.) Hernandez obtained a loan of $780,000 ("the Loan") from Defendant IndyMac Bank, FSB ("IndyMac") and executed a promissory note ("Note"), which was secured by a deed of trust on the property ("the Deed of Trust"). (Dkt. no. 40-1.) The Deed of Trust names IndyMac as lender and designates Old Republic Title Company as trustee. (*Id.*) The Deed of Trust was recorded on September 3, 2003, in the official records of Clark

County, Nevada. (*Id.*) In October 2008, Hernandez defaulted on the promissory note, and subsequently attempted to negotiate a loan modification in December 2008, without success. (Dkt. no. 39 at 9.) Hernandez does not claim that he is current on his payments.

On May 4, 2007, Defendant IndyMac assigned the beneficial interest under the Deed of Trust, along with the Note, to Defendant Deutsche Bank National Trust Company as Trustee of IndyMac INDX Mortgage Loan Trust 2005-AR9 Mortgage Pass-Through Certificates Series 2005-AR ("Deutsche Bank"). (Dkt. no. 13-3.) The assignment was recorded on July 2, 2007. Thus, Deutsche Bank held both the Note and Deed of Trust as of May 2007. According to Hernandez, in July 2008, IndyMac failed and was seized by the Federal Deposit Insurance Corporation, which transferred all non-brokered insured deposits from IndyMac to Defendant IndyMac Federal Bank, FSB ("IndyMac Federal"). (Dkt. no. 39 at 9.)

Despite the assignment of the Note and Deed of Trust to Deutsche Bank, on March 9, 2009, IndyMac Federal purportedly substituted Defendant Quality Loan Service Corporation ("Quality Loan") as the Trustee under the Deed of Trust instead of Old Republic Title Company, and the substitution was recorded on March 19, 2009. (Dkt. no. 40-3 ("Substitution of Trustee").) The Substitution of Trustee identifies IndyMac Federal as "the present Beneficiary under said Deed of Trust." (*Id.*) On March 10, 2009, Quality Loan recorded a Notice of Breach and Default and Election to Sell ("Notice of Default"). (Dkt. no. 40-4.) The Notice of Default stated that Quality Loan "is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary" without specifying precisely who the beneficiary was at the time. (*Id.*)

Hernandez alleges that all assets and operations of IndyMac Federal were transferred to Defendant OneWest Bank, FSB ("OneWest") on March 19, 2009.[1] (Dkt. no. 39 at 9.) On December 2, 2009, OneWest executed an assignment, purportedly

---

[1] Quality Loan's Response to this Motion characterizes OneWest as a "successor to IndyMac." (Dkt. no. 40 at 2.)

transferring the Note and Deed of Trust to Deutsche Bank effective March 7, 2009.[2] (Dkt. no. 40-2.) The assignment was recorded on December 8, 2009. (*Id.*)

On July 11, 2009, a Notice of Trustee's Sale was sent by Quality Loan setting a sale date of July 6, 2009. Hernandez received the Notice on June 11, 2009. (Dkt. no. 13 at ¶ 12.) Hernandez filed for Chapter 7 bankruptcy on July 5, 2009, and the sale was subsequently cancelled. Hernandez received a chapter 7 discharge on December 9, 2011. (Dkt. no. 40-5.)

On January 30, 2012, another Notice of Trustee's Sale executed on January 27, 2012, ("Second Notice of Sale") was recorded. (Dkt. no. 13-9.) The Second Notice of Sale, sent by Quality Loan, scheduled the sale of the Property for February 21, 2012. (*Id.*) The sale was rescheduled for March 2, 2012. (Dkt. no. 13 at ¶ 19.)

Hernandez filed this suit on February 28, 2012, in state court seeking only declaratory and injunctive relief. Under the cause of action heading for declaratory relief, Hernandez asks the Court to declare several defects in the foreclosure process, including the declaration that Quality Loan is not an authorized trustee and lacks authority to foreclose pursuant to NRS § 107.080. Under the second cause of action heading for injunctive relief, Hernandez requests a temporary restraining order ("TRO") preventing the trustee's sale and a preliminary injunction preventing foreclosure pending a trial on the merits.

On March 1, 2012, the state court issued a TRO enjoining the March 2, 2012, sale. (Dkt. no. 1-2). Before the state court preliminary injunction hearing was held, Defendants removed to this Court on March 7, 2012. On March 9, 2012, Quality Loan filed a Motion to Dismiss. (Dkt. no. 7.) Shortly thereafter, Hernandez filed another motion for a TRO on March 29, 2012. On June 8, 2012, the Court denied Hernandez's

---

[2]This effective date is problematic. Accepting Hernandez's allegations that OneWest did not acquire the assets of IndyMac Federal until March 19, 2009, and even ignoring the assignment from IndyMac to Deustche Bank, OneWest did not hold the Note and the Deed of Trust as of March 7, 2009.

3

motion. (Dkt. no. 27.) The Court held that Hernandez's challenge to the Notice of Sale procedures and his claims of statutory defects in foreclosure were not likely to succeed on the merits, and that Hernandez did not demonstrate the standing required to pursue a declaratory judgment.

In the interim, Deutsche Bank executed a substitution naming Quality Loan as trustee on March 19, 2012, which was recorded on March 26, 2012. (Dkt. no. 49-3.)

On May 11, 2012, Deutsche Bank and OneWest filed their Motion to Dismiss. (Dkt. no. 22.) Both Motions to Dismiss have been fully briefed, and are ripe for decision.

In addition, Hernandez filed a TRO and preliminary injunction motion on August 22, 2012, seeking to enjoin the September 7, 2012, foreclosure sale of the Property on the grounds that the Court's June 8, 2012, Order incorrectly applied the "tender rule."[3] (Dkt. no. 39.) The Court issued the TRO, and scheduled a hearing on October 29, 2012, to consider Plaintiff's Motion for a Preliminary Injunction.

## II.  QUALITY LOAN'S MOTION TO DISMISS (dkt. no. 7)

Quality Loan seeks dismissal of Hernandez's claims on the grounds of judicial estoppel arising out of his bankruptcy filing and on the grounds that no cause of action has been pled in the Complaint.

### A.  Legal standard

On a 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678

---

[3] Hernandez filed his Motion as an ex parte emergency motion on August 21, 2012. The Court denied the Motion on the ground that good cause did not appear for ex parte relief, and directed Hernandez to re-file his motion as an emergency motion and serve Defendants. (Dkt. no. 38.)

1  (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

2  When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

**B.   Analysis**

The Court already addressed both of these arguments in its September 9, 2012, Order. (Dkt. no. 46.) First, Quality Loan's arguments concerning judicial estoppel fail, since Hernandez cannot be presumed to have understood the nature of the claims at issue in this case before or during his bankruptcy filing. (*See id.* at 9-11.) Second, although the Complaint improperly raises declaratory and injunctive relief as causes of action, this pleading error will not doom Hernandez's Complaint given the Court's obligation to treat pleadings liberally. (*See id.* at 6 n.6.) Accordingly, Quality Loan's Motion is denied.

**III.   DEUTSCHE BANK AND ONEWEST'S MOTION TO DISMISS (dkt. no. 22)**

Deutsche Bank and OneWest bring this Motion seeking to dismiss the Complaint on the grounds of judicial estoppel, failure to appropriately plead causes of action, and various failures to adequately state a claim of relief. As addressed above, the judicial estoppel and cause of action arguments fail. The remaining arguments concerning the validity of the Notice of Sale and Quality Loan's status as an authorized trustee also fail, as Hernandez has carried his burden of alleging sufficient facts to state a defective foreclosure claim under NRS § 107.080. For the reasons articulated above and in the Court's September 9, 2012, Order, Deutsche Bank and OneWest's Motion is denied.

**IV.    HERNANDEZ'S MOTION FOR A PRELIMINARY INJUNCTION (dkt. no. 48)**

Hernandez filed his Motion for Preliminary Injunction after the Court granted his request for a TRO on September 5, 2012.  (*See* dkt. nos. 45 and 48.)  In his Motion, Hernandez claims that Defendants issued a defective Notice of Default and have subsequently initiated faulty foreclosure proceedings not in accordance with NRS § 107.080.  As explained below, Hernandez's arguments fail.

Federal Rule of Civil Procedure 65 allows a court to issue a preliminary injunction.  "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008).  To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of hardships favors the plaintiff; and (4) that the injunction is in the public interest.  *Winter*, 555 U.S. at 20.

### A.    Likelihood of Success on the Merits

Hernandez argues that he is likely to succeed on the grounds that Quality Loan did not have the authority to issue the Notice of Default, since IndyMac Federal – not Deutsche Bank, the rightful holder of the beneficial interest – issued the substitution of trustee that purported to authorize Quality Loan's actions.[4]  Consequently, Hernandez argues, Quality Loan was not the proper trustee to initiate foreclosure.

In response, Deutsche Bank pointed to three newly revealed documents as evidence of Quality Loan's authority to act on its behalf in issuing the Notice of Default. First, it points to the "Foreclosure Transmittal Package," the foreclosure referral made by IndyMac Federal through its agent FIS Foreclosure Solutions, Inc., dated March 7, 2009. (*See* dkt. no. 49-2.)  This referral purportedly instructs Quality Loan to foreclose on the

---

[4] At the October 29, 2012 hearing, counsel for Hernandez argued that it is not clear that Deutsche Bank is the rightful holder of the beneficial interest, particularly in light of the Pooling and Servicing Agreement.  However, the Court finds that for the purpose of the preliminary injunction proceedings, the evidence submitted establishes that Deutsche Bank is the current holder of the beneficial interest.

property and to vest title in the name of Deutsche Bank, a fact that Deutsche Bank claims demonstrates its authorization of Quality Loan to serve as its trustee. Second, Deutsche Bank offers its Pooling and Servicing Agreement between Deutsche Bank, IndyMac Federal, and an entity called IndyMac MBS, Inc. as evidence that Deutsche Bank provided authority to IndyMac Federal to instruct Quality Loan to foreclose on Deutsche Bank's behalf. (*See* dkt. no. 51-1.) Third, Deutsche Bank points to a substitution of trustee executed on March 19, 2012, by Deutsche Bank which substituted Quality Loan as trustee. (*See* dkt. no. 49-3.) It argues that this substitution evidences a ratification of Quality Loan's Notice of Default, and cures any potential discrepancy that might have existed at the time the Notice was issued.

Deutsche Bank's ratification argument succeeds. Under Nevada law, a principal may ratify an agent's act if it was purportedly done on the principal's behalf. *See, e.g.*, *Harrah v. Specialty Shops*, 221 P.2d 398, 399 (Nev. 1950); *Edwards v. Carson Water Co.*, 34 P. 381, 389 (Nev. 1893); *see also* RESTATEMENT (THIRD) OF AGENCY § 4.03 (2006). This Court has previously ruled that "[a] later-executed substitution of trustee making the notice of default filer the new trustee before proceeding to sale is practically insurmountable evidence of ratification . . . ." *Duckett v. Loan City*, No. 11-465, 2011 WL 5190944, at *2 (D. Nev. Oct. 27, 2011) (quoting *Nevada ex rel. Bates v. MERS*, No. 3:10-407, 2011 WL 1582945, at *5 (D. Nev. Apr. 25, 2011)). *But see Dyer v. Am. Mortg. Network, Inc.*, No. 11-172, 2012 WL 1684571, at *1 (D. Nev. May 14, 2012) (holding that beneficiary did not ratify prior act of trustee because trustee did not purport to act on behalf of beneficiary at the time it filed its notice of default). Here, Quality Loan's Notice of Default stated that Quality Loan "is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust." (Dkt. no. 40-4.) There is no mention on the document of Deutsche Bank, or of its purporting to act on behalf of Deutsche Bank. Rather, it speaks of IndyMac Federal's interest, and directs the recipient to contact IndyMac Federal care of Quality Loan. (*See id.* at 2.) However, this "catch all" language saves Deutsche Bank: Quality Loan

employed the disjunctive "or" to offer itself as *possibly* an "agent for the trustee or beneficiary." The only colorable ratification argument Deutsche Bank may make is that Quality Loan purported to act on behalf of Deutsche Bank when it held itself out to *possibly* be an agent for an unnamed trustee or beneficiary, whoever that entity is. That is sufficient under the law of agency to allow a principal to ratify the acts of an agent. *See Clews v. Jamieson*, 182 U.S. 461, 483 (1901) ("A principal can adopt and ratify an unauthorized act of his agent who in fact is assuming to act in his behalf, *although not disclosing his agency to others*, and when it is so ratified it is as if the principal has given an original authority to that effect and the ratification relates back to the time of the act which is ratified.") (emphasis added); RESTATEMENT (SECOND) OF AGENCY § 85 cmt. c. (1958) ("It is not necessary that the purported principal be identified; it is sufficient that the person acting should purport to act as agent for another. But if he describes the other by name or otherwise, only a person coming within the description so given, if any, can ratify."); RESTATEMENT (THIRD) OF AGENCY § 4.03 cmt. b (2006) ("The formulation in this section does not distinguish among disclosed principals, unidentified principals, and undisclosed principals.").

For this reason, Hernandez's arguments that Quality Loan did not purport to act on behalf of Deutsche Bank are inapposite, for the simple reason that Quality Loan purported to act on behalf of a trustee or beneficiary, even though Deutsche Bank was not named. Accordingly, Deutsche Bank's later substitution of trustee suffices as evidence of ratification, and Quality Loan's Notice of Default's discrepancies are now cured. Although the additional evidence offered by Deutsche Bank in the form of Foreclosure Transmittal Package is not dispositive, it lends further support to Deutsche Bank's arguments regarding the existence of a principal-agent relationship.[5]

///

---

[5] The Court need not consider the Pooling and Servicing Agreement ("the Agreement") in reaching this conclusion. The Agreement on its face does not support Deutsche Bank's argument that it covers the loan in question.

### B. Irreparable Harm, Balance of Hardships, and Public Interest

The remaining factors of a preliminary injunction weigh in favor of Hernandez, but do not warrant granting his request for a preliminary injunction. As Hernandez cannot demonstrate a likelihood of success on the merits, the fact that he would suffer irreparable harm and hardship were a foreclosure sale to occur is of little consequence.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant Quality Loan Servicing Corporation's Motion to Dismiss (dkt. no. 7) is DENIED.

IT IS FURTHER ORDERED that Defendants Deutsche Bank and OneWest, FSB's Motion to Dismiss (dkt. no. 22) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Jose Hernandez's Motion for Preliminary Injunction (dkt. no. 48) is DENIED.

ENTERED THIS 31st day of October 2012.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE