UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSE HERNANDEZ,<br><br>                Plaintiff,<br><br>    v.<br><br>INDYMAC BANK, et al.,<br><br>                Defendants. | Case No. 2:12-cv-00369-MMD-CWH<br><br>ORDER<br><br>(Def.'s Motion for Summary Judgment –<br>dkt. no. 73.) |

**I.   SUMMARY**

Before the Court is Defendants OneWest Bank, FSB and Deutsche Bank National Trust Company's Motion for Summary Judgment ("Motion"). (Dkt. no. 73.) Defendant Quality Loan Service Corporation joins in the Motion. (Dkt. no. 75.) The Court directed supplemental briefings (dkt. no. 86) and has reviewed the parties' supplemental briefs (dkt. nos. 87, 88, 92). Plaintiff's supplemental brief included a new argument under RESTATEMENT (THIRD) OF AGENCY § 4.05 (2006). The Court allowed Defendants an opportunity to respond, but Defendants have failed to do so. (Dkt. no. 93.) For the reasons discussed below, the Motion is denied.

**II.   BACKGROUND**

    **A.   Factual Background**

The following facts are undisputed. Plaintiff Jose Hernandez purchased real property located at 3276 Costa Smeralda Circle, Las Vegas, Nevada 89117 ("the Property") on or about August 6, 1997. (Dkt. no. 1 at 5-6.) Hernandez obtained a loan of

$780,000 ("the Loan") from Defendant IndyMac Bank, FSB ("IndyMac") and executed a promissory note ("Note"), which was secured by a deed of trust on the property ("the Deed of Trust"). (*Id.* at 6; dkt. no. 73-1.) The Deed of Trust names IndyMac as lender and designates Old Republic Title Company as trustee. (Dkt. no. 73, Exh. A.) The Deed of Trust was recorded on September 3, 2003, in the official records of Clark County, Nevada. (*Id.*) In October 2008, Hernandez defaulted on the Note, and attempted to negotiate a loan modification in December 2008, without success. (Dkt. no. 1 at 7.) Hernandez does not claim that he was current on his payments.

On May 4, 2007, Defendant IndyMac assigned the beneficial interest under both the Note and Deed of Trust to Defendant Deutsche Bank National Trust Company as Trustee of IndyMac INDX Mortgage Loan Trust 2005-AR9 Mortgage Pass-Through Certificates Series 2005-AR ("Deutsche Bank"). (Dkt. no. 73-3.) The assignment was recorded on July 2, 2007. (*Id.*)

IndyMac's assets were later transferred to Defendant IndyMac Federal Bank, FSB ("IndyMac Federal") in July 2008 under the direction of the FDIC. (Dkt. no. 1 at 6.)[1] Subsequently, on March 19, 2009, all of IndyMac Federal's assets were transferred to Defendant OneWest Bank, FSB ("OneWest"). (Dkt. no. 1 at 7.)[2]  On December 2, 2009, OneWest also executed an assignment, purportedly transferring the Note and Deed of Trust to Deutsche Bank effective March 7, 2009.[3] (Dkt. no. 40-2.) This assignment was recorded on December 8, 2009. (*Id.*)

Despite IndyMac's assignment of the Note and Deed of Trust to Deutsche Bank, IndyMac Federal purportedly substituted Defendant Quality Loan Service Corporation

---

[1] *See also* Press Release, FDIC, FDIC Establishes IndyMac Federal Bank, FSB as Successor to IndyMac Bank, F.S.B., Pasadena, California (July 11, 2008) (https://www.fdic.gov/news/news/press/2008/pr08056.html) (last visited 8/11/14).

[2] *See also* Press Release, FDIC, FDIC Closes Sale of Indymac Federal Bank, Pasadena, California (March 19, 2009) (https://www.fdic.gov/news/news/press/2009/pr09042.html) (last visited 8/11/14).

[3] The Court notes that the effective date of this transfer pre-dates OneWest's acquisition of IndyMac Federal's assets.

("Quality Loan") as the Trustee under the Deed of Trust instead of Old Republic Title Company on March 9, 2009. (Dkt. no. 73-5.) The substitution was recorded on March 19, 2009. (*Id.*) The Substitution of Trustee identifies IndyMac Federal as "the present Beneficiary under said Deed of Trust." (*Id.*) Deutsche Bank also executed a substitution naming Quality Loan as trustee on March 19, 2012, which was recorded on March 26, 2012. (Dkt. no. 49-3.) This substitution occurred after the Complaint was filed.[4]

On March 10, 2009, Quality Loan recorded a Notice of Breach and Default and Election to Sell ("Notice of Default"). (Dkt. no. 73-4.) The Notice of Default stated that Quality Loan "is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary" without specifying precisely who the beneficiary was at the time. (*Id.*) On July 11, 2009, Quality Loan sent a Notice of Trustee's Sale setting a sale date of July 6, 2009. After a series of postponements for various reasons (dkt. nos. 13-9, 40-5, 73-7), Deutsche Bank purchased the Property at the trustee's sale in February 28, 2013, for $692,806.40. (Dkt. no. 73-8.)

## B. Procedural History

Hernandez filed this suit on February 28, 2012, for wrongful foreclosure, in state court seeking only declaratory and injunctive relief. (Dkt. no. 1.) On March 1, 2012, the state court issued a Temporary Restraining Order ("TRO") enjoining a March 2, 2012, scheduled sale. (Dkt. no. 1-2.) Before the state court preliminary injunction hearing was held, Defendants removed to this Court on March 7, 2012. (Dkt. no. 1.) Hernandez filed a motion for a TRO on March 29, 2012 (dkt. no. 11), which was denied (dkt. no. 27). Hernandez subsequently filed a second motion for TRO and preliminary injunction on August 22, 2012, seeking to enjoin a September 7, 2012, scheduled foreclosure sale of the Property on the grounds that the Court's prior order denying Plaintiffs motion for a

///

///

---

[4]The Complaint was filed on February 28, 2012, and Quality Loan removed the action on March 7, 2012. (Dkt. no. 1.)

3

1  TRO incorrectly applied the "tender rule."[5] (Dkt. no. 39.) The Court issued the TRO (dkt. no. 46), but ultimately denied Plaintiff's Motion for a Preliminary Injunction, reasoning that Plaintiff had not established a likelihood of success on the merits. (Dkt. no. 56.) Plaintiff appealed this denial to the Ninth Circuit, which ultimately affirmed the Court's decision. (Dkt. no. 69.)

Plaintiff also filed a second suit in state court against Deutsche Bank National Trust Company and Quality Loan. *Hernandez v. Deutsche Bank Nat'l Trust Co.*, No. 2:13-cv-01431-MMD-CWH. That case was removed and Judge Dorsey found "[t]he arguments raised by Plaintiff . . . [were] materially the same as those raised" in this matter. (Dkt. no. 73-2.) Plaintiff's separate lawsuit was ultimately consolidated with this case. (*Id.*)

Defendants OneWest and Deutsche Bank now move for summary judgment, arguing that the law of the case dictates judgment in their favor and that Plaintiff's allegations do not support any claim for relief. The law of the case argument fails and questions of material fact remain as to whether Quality Loan was authorized to initiate foreclosure proceedings. Consequently, summary judgment is inappropriate.

## III.   DISCUSSION

### A.   Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is

---

[5] Hernandez filed his Motion as an ex parte emergency motion on August 21, 2012. The Court denied the Motion on the ground that good cause did not appear for ex parte relief, and directed Hernandez to re-file his motion as an emergency motion and serve Defendants. (Dkt. no. 38.)

"material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///

///

**B.      Analysis**

Initially, the Court notes that Defendants' law of the case argument fails. Defendants' argument is based on the Court's previous determination, as well as Judge Dorsey's determination in the consolidated action, that Plaintiff was unlikely to prevail on the merits in denying Plaintiff's request for preliminary injunctive relief. However, a determination that a plaintiff is *unlikely* to prevail on the merits is not an explicit determination as to the merits such that the law of the case doctrine is implicated. *See Milgard Tempering, Inc. v. Seals Corp. of Am.*, 902 F.2d 703, 715-16 (9th Cir. 1990) (finding that under the law of the case doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case"). The standard for determining preliminary injunctive relief is different than for determining summary judgment. The former requires the Court to review the likelihood of success on the merits whereas the latter compels the Court to decide the issue on the merits. To hold otherwise would essentially transform a motion for preliminary injunction into one for summary judgment. Thus, the law of the case is not implicated by the Court's prior preliminary injunction orders and Defendants bear the burden of demonstrating through admissible evidence that no issues of material fact prevent a determination that they are entitled to judgment as a matter of law.

Defendants fail to do so here. The crux of Plaintiff's wrongful foreclosure claim is that IndyMac Federal's March 2009 substitution of trustee was ineffective such that Quality Loan lacked authority to file the Notice of Default.[6] Defendants argue that Quality

---

[6] Plaintiff also argues that IndyMac's 2007 assignment of the Deed of Trust to Deutsche Bank under the PSA was void and Quality Loan failed to comply with the notice provisions of NRS 107.080(4)(c) (2011). However, these arguments fail because Plaintiff, as neither a party nor a third party beneficiary under the PSA, lacks standing to raise a challenge under the PSA. *See, e.g., Bleavins v. Demarest*, 196 Cal.App.4th 1533, 1542 (2011). Moreover, the record supports Defendants' substantial compliance with the statutory notice requirements as evidenced by Plaintiff's own actions in moving for TROs to prevent the foreclosure sale. Plaintiff's action demonstrates actual notice. Plaintiff also failed to allege that he could have redeemed the Property if properly noticed or that he was prejudiced in any other way by the alleged defective notice. *See Schleining v. Cap One, Inc.*, 326 P.3d 4, 8 (Nev. 2014).

Loan had authority to file the Notice of Default as the agent of Deutsche Bank. However, viewing the facts and drawing all inferences in the light most favorable to Plaintiff, Deutsche Bank's attempt to ratify Quality Loan's filing of the Notice of Default was untimely, and questions of material fact remain as to whether an agency relationship existed between Deutsche Bank and Quality Loan at the time of the filing.

First, Quality Loan was not the Trustee at the time it filed the Notice of Default because it was not properly substituted in as trustee. IndyMac Federal's March 9, 2009, purported substitution of Quality Loan as trustee was ineffective because IndyMac Federal was not the beneficiary of the Deed of Trust at the time it executed the substitution. Indeed, IndyMac had already transferred the Note and Deed of Trust to Deutsche Bank on May 4, 2007, and lacked any legal status under the Deed of Trust at the time it purported to substitute Quality Loan as trustee. Thus, Quality Loan was not the trustee under the Deed of Trust at the time it filed the Notice of Default.

Nonetheless, the Notice of Default states that Quality was acting as "either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust." (Dkt. no. 40-4.) Thus, although not properly substituted as trustee, Quality Loan may have had the authority to file the Notice of Default if it was acting on behalf of Deutsche Bank, the beneficiary. Defendants argue that Deutsche Bank's March 26, 2012, Substitution of Trustee ratified Quality Loan's actions, thus giving Quality Loan the authority to file the Notice of Default.

Under Nevada law, a principal may ratify the act of another if it was purportedly done on the principal's behalf. *See, e.g.*, *Harrah v. Specialty Shops*, 221 P.2d 398, 399 (Nev. 1950); *Edwards v. Carson Water Co.*, 34 P. 381, 389 (Nev. 1893); *see also* RESTATEMENT (THIRD) OF AGENCY § 4.03 (2006). In the context of mortgage foreclosures, "[a] later-executed substitution of trustee making the notice of default filer the new trustee before proceeding to sale is practically insurmountable evidence of ratification." *Nevada ex rel. Bates v. MERS*, No. 3:10-407, 2011 WL 1582945, at *5 (D. Nev. Apr. 25, 2011). *But see Dyer v. Am. Mortg. Network, Inc.*, No. 11-172, 2012 WL 1684571, at *1 (D. Nev. May 14,

2012) (holding that beneficiary did not ratify prior act of trustee because trustee did not purport to act on behalf of beneficiary at the time it filed its notice of default).

Here, Deutsche Bank's March 26, 2012, Substitution of Trustee would be sufficient to ratify Quality Loan's filing of the Notice of Default. The Notice of Default stated that Quality Loan was purporting to act on behalf of the beneficiary. Although the document did not name Deutsche Bank specifically, Quality Loan's holding itself out as a possible agent for an unnamed beneficiary is sufficient for ratification. *See Clews v. Jamieson*, 182 U.S. 461, 483 (1901) ("A principal can adopt and ratify an unauthorized act of his agent who in fact is assuming to act in his behalf, *although not disclosing his agency to others*, and when it is so ratified it is as if the principal has given an original authority to that effect and the ratification relates back to the time of the act which is ratified.") (emphasis added); RESTATEMENT (SECOND) OF AGENCY § 85 cmt. c. (1958) ("It is not necessary that the purported principal be identified; it is sufficient that the person acting should purport to act as agent for another. But if he describes the other by name or otherwise, only a person coming within the description so given, if any, can ratify."); RESTATEMENT (THIRD) OF AGENCY § 4.03 cmt. b (2006) ("The formulation in this section does not distinguish among disclosed principals, unidentified principals, and undisclosed principals.").

Plaintiff, however, presents two arguments that Deutsche Bank's ability to ratify the actions of Quality Loan was cut off by the time Deutsche Bank filed its Substitution of Trustee on March 26, 2012. First, Plaintiff argues that NRS § 107.028(4) eliminated the ability to retroactively appoint a trustee, and consequently, any action taken by Quality Loan before the March 26, 2012, Substitution of Trustee was void. Second, Plaintiff argues that Deutsche Bank's ratification was untimely as intervening changes in the laws governing foreclosure constituted a material change in circumstance rendering ratification inequitable.

Plaintiff's first argument misconstrues the application of NRS § 107.028(4). NRS § 107.028(4) states that no party becomes a substitute-trustee until the substitution is properly recorded. Although Plaintiff is correct in asserting that Quality Loan was not made Trustee until March 26, 2012, and no action undertaken *as trustee* prior to that date would be

effective, this misses the point. Defendants do not argue that that Quality Loan filed the Notice of Default as trustee, but rather as agent of Deutsche Bank, the beneficiary. Indeed, the March 26, 2012, Substitution of Trustee does not purport to have retroactive effect to March 9, 2009. Thus, there is no question about Quality Loan's status as trustee at the time it recorded the Notice of Default[7] — it was not. Rather, the issue presented is whether Quality Loan's actions as agent of the beneficiary were properly authorized.[8]

Plaintiff's second argument, however, has more merit. For ratification to be effective, it must "precede[ ] the occurrence of circumstances that would cause the ratification to have adverse and inequitable effects on the rights of third parties." R RESTATEMENT (THIRD) OF AGENCY § 4.05 (2006). Such circumstances include "(2) any material change in circumstances that would make it inequitable to bind the third party, unless the third party chooses to be bound; and (3) a specific time that determines whether a third party is deprived of a right or subjected to a liability." *Id.*

Plaintiff argues that, after the filing of the Notice of Default but before ratification, the Nevada legislature enacted several additional requirements to the foreclosure process to protect owners of real property and ensure more transparency. These statutory requirements include: NRS § 107.086, which gives grantors of deeds of trust the right to request mediation and requires notice and contact information of the beneficiary to be provided; and amendments to NRS § 107.080, which requires those filing a notice of default to attach an affidavit outlining their authority to do so. Plaintiff argues that Deutsche Bank
///

---

[7] Defendants argue that IndyMac Fed, as agent of Deutsche Bank, filed the March 2009 Substitution of Trustee. However, this argument is unavailing because the March 9, 2009, Substitution of Trustee clearly identifies IndyMac Fed as the beneficiary and not the agent of the beneficiary.

[8] The Court also rejects Plaintiff's arguments that NRS § 107.028(5) eliminates Deutsche Bank's ability to ratify the acts of Quality Loan by disallowing any fiduciary relationship between the trustee and beneficiary. Plaintiff misunderstands the statute. NRS § 107.028(5) reiterates that the trustee to a deed of trust does not owe fiduciary duties to the *grantor*. The beneficiary-trustee relationship, conversely, is by definition fiduciary in nature. *See, e.g.*, *Bank of Nev. v. Speirs*, 603 P. 2d 1074, 1076 (Nev. 1979).

would be allowed to circumvent these additional statutory requirements if Deutsche Bank can ratify Quality Loan's Notice of Default over two years later.

The Court finds that ratification would be inequitable under the circumstances here. First, allowing Deutsche Bank's March 26, 2012, Substitution of Trustee to ratify Quality Loan's March 9, 2009, filing of the Notice of Default would allow Deutsche Bank to circumvent its adherence to the additional requirements and protections imposed by the Nevada legislature. The intervening legislative changes altered the foreclosure sale landscape and rendered the foreclosure process more consumer-friendly. Second, and more importantly, equity counsels against permitting ratification given after the filing of a lawsuit that challenges the actions of the agent as unauthorized. *See Wagner v. City of Globe*, 722 P.2d 250, 255 (Ariz. 1986), *overruled on other grounds by Demasse v. ITT Corp.*, 984 P.2d 1138 (Ariz. 1999) (rejecting argument that a principal can retroactively ratify the agent's decision to terminate plaintiff's employment when the ratification was made after plaintiff filed the employment action). Substantive rights vest upon the filing of a lawsuit, and allowing ratification to disrupt those rights would be inequitable. *See id.* At the time this action was filed on February 28, 2012, Quality Loan's actions in initiating the foreclosure were yet unauthorized and consequently, constituted a violation of Nevada's foreclosure statute. Deutsche Bank's attempt to ratify Quality Loan's actions after the filing of the lawsuit would deprive Plaintiff of the rights that vested as of the filing of this lawsuit. Taken together, it would have an adverse and inequitable effect on Plaintiff's rights for this Court to permit ratification after the changes to the foreclosure process by the Nevada legislature and after Plaintiff filed the lawsuit challenging the acts of Quality Loan as unauthorized.

Defendants additionally argue that the agency relationship between Quality Loan and Deutsche Bank existed at the time of Quality Loan's filing of the Notice of Default. This would eliminate the need for ratification and establish Quality Loan's authority to file the Notice of Default. However, the evidence submitted is insufficient for purposes of summary judgment. Defendants proffer a Foreclosure Transmittal Package instructing Quality Loan to vest title in the name of Deutsche Bank. (Dkt. no. 73-9.) Defendants argue that this

instruction is sufficient to show an agency relationship between Deutsche Bank and Quality Loan. However, the Foreclosure Transmittal Package is from an entity apparently affiliated with IndyMac Fed and identifies IndyMac Fed as the mortgage holder. This is insufficient to establish an agency relationship between Deutsche Bank and Quality Loan.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendants OneWest Bank, FSB and Deutsche Bank National Trust Company's Motion for Summary Judgment (dkt. no. 73) is denied.

DATED THIS 19th day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE