1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSE HERNANDEZ,                    )
                                   )     Case No.  2:12-cv-00369-MMD-CWH
                Plaintiff,         )
                                   )     **ORDER**
vs.                                )
                                   )
INDYMAC BANK, et al.,              )
                                   )
                Defendants.        )
                                   )
_____)

Presently before the Court is Plaintiff Jose Hernandez's Request to Modify Order on Defendants' Motion to Strike Plaintiff's Expert Report (ECF No. 142) ["Motion to Modify Order"], filed on January 22, 2016.  Also before the Court is Plaintiff Jose Hernandez's Request to Clarify Order Filed 2/1/2016 Referencing Request to Modify Order on Defendants' Motion to Strike Plaintiff's Expert Report (ECF No. 146) ["Motion to Clarify Order"], filed on February 5, 2016.[1]  Defendants OneWest Bank, F.S.B. and Deutsche Bank National Trust Company filed a response (ECF No. 149) to both motions on February 18, 2016.  Defendant Quality Loan Service Corporation filed a joinder (ECF No. 150) to Defendants OneWest Bank, F.S.B. and Deutsche Bank National Trust Company's response on February 18, 2016.  Plaintiff filed a reply (ECF No. 151) on February 29, 2016.

On January 7, 2016, the Court held a hearing on Defendants OneWest Bank, F.S.B. and Deutsche Bank National Trust Company's Motion to Strike Plaintiff's Untimely Expert Disclosures.  (Defs.' Mot. to Strike Pl.'s Untimely Expert Disclosures (ECF No. 125); Mins. of

---

[1] Plaintiff filed both of his motions ex parte and under seal.  The Court declined to consider the motions on an ex parte basis and ordered the Clerk of Court to unseal the motions.  (Order (ECF No. 145); Order (ECF No. 148).)

Proceedings (ECF No. 139).)  At the hearing, the Court granted Defendants' motion in part and denied the motion in part, ordering that the Cooper Creek Construction portion of Plaintiff's expert disclosure (ECF No. 125-1 at 40-47) be stricken.  The Court further ordered that Plaintiff was required to notify Defendants by February 8, 2016 whether Plaintiff intended to use his expert witness, Michael Gallagher, who authored the remainder of Plaintiff's expert disclosure (ECF No. 125-1 at 6-39).  The Court also ordered that if Plaintiff still intended to use Mr. Gallagher as an expert witness in this case, then Plaintiff must pay Defendants' fees and costs for deposing Mr. Gallagher.  The Court ordered the parties to meet and confer to attempt to come to an agreement on the appropriate amount of fees and costs.

Plaintiff subsequently filed his Motion to Modify Order, requesting that the Court continue the February 8, 2016 deadline until an open date five days after the Court serves Plaintiff with its orders on the pending motions for summary judgment (ECF Nos. 131, 136).  Plaintiff's motion reiterates some of the arguments that he raised at the January 7, 2016 hearing: that he did not want to be in the tenuous position of having to make a decision regarding whether to use his expert witness without knowing the outcome of the motions for summary judgment.  Additionally, Plaintiff states that he received a notification from Defendants stating that they incurred 8.5 hours of attorney's fees for the deposition.  Plaintiff requests that the Court limit Defendants' attorney's fees to 3.5 hours.  In his Motion to Clarify Order, Plaintiff reiterates his arguments regarding his request for an extension of February 8, 2016 deadline.

Defendants respond that Plaintiff's motions are an improper attempt to obtain reconsideration of the Court's previous order, arguing that Plaintiff already raised these arguments at the hearing held on January 7, 2016 and that the Court already rejected these arguments. Defendants further respond that it is not unfair for Plaintiff to have to decide whether to use his expert before knowing the outcome of the motions for summary judgment because it is the nature of litigation that parties expend funds and other resources before they know the final outcome of the case.  Finally, Defendants argue that their request for 8.5 hours of attorney's fees is reasonable.

The Court acknowledges that Plaintiff is in the difficult position of having to decide whether to use his expert witness before knowing the outcome of the pending motions for summary

judgment.  However, as Defendants argue, litigation is uncertain and parties are routinely required to expend funds and make strategic decisions without knowing the ultimate outcome of the case. The Court therefore will deny Plaintiff's Motion to Modify Order to the extent it requests an extension of the February 8, 2016 deadline until five days after Plaintiff has been served with the Court's order on the pending motions for summary judgment.  Given that Plaintiff's Motion to Modify Order and Motion to Clarify Order were filed before the February 8, 2016 deadline, however, the Court will extend Plaintiff's deadline for notifying Defendants whether he intends to use Mr. Gallagher as an expert witness until March 18, 2016.  Plaintiff is advised that failure to comply with this order may result in sanctions including but not limited to the Court striking Mr. Gallagher as an expert under Federal Rule 37(b)(2)(A)(ii).

As for Defendants OneWest Bank, F.S.B. and Deutsche Bank National Trust Company's requested attorney's fees, the Court finds that 8.5 hours was a reasonable amount of time to spend in preparing for and taking Mr. Gallagher's deposition.  The Court further finds that Defendants' attorney's hourly rate of $192.00 is reasonable for the Las Vegas legal market.  The Court therefore denies Plaintiff's Motion to Modify Order to the extent that Plaintiff requests that Defendants' attorney's fees be reduced to 3.5 hours.  If Plaintiff elects to use Mr. Gallagher as an expert witness, Plaintiff must pay $1,632.00 (8.5 hours x $192.00) to Defendants OneWest Bank, F.S.B. and Deutsche Bank National Trust Company by March 18, 2016.

IT IS THEREFORE ORDERED that Plaintiff Jose Hernandez's Request to Modify Order on Defendants' Motion to Strike Plaintiff's Expert Report (ECF No. 142) is GRANTED in part and DENIED in part.  It is granted to the extent that Plaintiff's deadline for notifying Defendants whether he intends to use his expert witness, Mr. Gallagher, is extended to March 18, 2016.  The motion is denied in all other respects.

IT IS FURTHER ORDERED that if Plaintiff Jose Hernandez elects to use Mr. Gallagher as an expert witness, he must pay $1,632.00 to Defendants OneWest Bank, F.S.B. and Deutsche Bank National Trust Company by March 18, 2016.

IT IS FURTHER ORDERED that Plaintiff Jose Hernandez's Request to Clarify Order Filed 2/1/2016 Referencing Request to Modify Order on Defendants' Motion to Strike Plaintiff's Expert

Report (ECF No. 146) is DENIED as moot.

DATED: March 7, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4