UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSE HERNANDEZ,

                        Plaintiff,

    v.

INDYMAC BANK, et al.,

                     Defendants.

Case No. 2:12-cv-00369-MMD-CWH
Member Case: 2-13-cv001431-MMD-CWH

ORDER

## I.    SUMMARY

This action involves claims for declaratory and injunctive relief to prevent a mortgage foreclosure. Before the Court are the following motions: (1) Defendants OneWest Bank, F.S.B. ("OneWest") and Deutsche Bank National Trust Company, as Trustee of IndyMac INDX Mortgage Loan Trust 2005-AR9 Mortgage Pass-Through Certificate Series 2005-AR9's ("Deutsche") (collectively, "Defendants") Motion for Summary Judgment (ECF No. 136); and (2) Quality Loan Service Corporation's ("Quality Loan") Motion for Summary Judgment (ECF No. 131) and Request for Judicial Notice (ECF No. 133). Plaintiff has opposed (ECF Nos. 140, 141); and Defendants have replied to which Quality Loan joined (ECF Nos. 143, 144). For the reasons discussed below, both motions are granted.

## II.    BACKGROUND

### A.    Factual Background

The relevant undisputed facts are recited in the Court's earlier Order denying Defendants' motion for summary judgment. (ECF No. 94.) The Court reiterates the facts here for ease of reference.

1    Plaintiff Jose Hernandez purchased real property located at 3276 Costa Smeralda

2    Circle, Las Vegas, Nevada 89117 ("the Property") on or about August 6, 1997. (ECF No.

3    1 at 5-6.) Hernandez obtained a loan of $780,000 ("the Loan") from IndyMac Bank, FSB

4    ("IndyMac") and executed a promissory note ("Note"), which was secured by a deed of

5    trust on the property ("the Deed of Trust"). (*Id.* at 6; ECF No. 73-1.) The Deed of Trust

6    names IndyMac as lender and designates Old Republic Title Company as trustee. (ECF

7    No. 73, Exh. A.) The Deed of Trust was recorded on September 3, 2003, in the official

8    records of Clark County, Nevada. (*Id.*) In October 2008, Hernandez defaulted on the

9    Note, and attempted to negotiate a loan modification in December 2008, without

10   success. (ECF No. 1 at 7.) Hernandez does not claim that he was current on his

11   payments. In fact, the Court found that Plaintiff stated at a hearing that "he has not paid

12   his mortgage since at least early 2009." (ECF No. 72 at 8.)

13   On May 4, 2007, IndyMac assigned the beneficial interest under both the Note

14   and Deed of Trust to Deutsche. (ECF No. 73-3.) The assignment was recorded on July

15   2, 2007. (*Id.*)

16   IndyMac's assets were later transferred to IndyMac Federal Bank, FSB ("IndyMac

17   Federal") in July 2008 under the direction of the FDIC. (ECF No. 1 at 6.)[1] Subsequently,

18   on March 19, 2009, all of IndyMac Federal's assets were transferred to OneWest. (ECF

19   No. 1 at 7.)[2] On December 2, 2009, OneWest also executed an assignment, purportedly

20   transferring the Note and Deed of Trust to Deutsche effective March 7, 2009.[3] (ECF No.

21   40-2.) This assignment was recorded on December 8, 2009. (*Id.*)

22   ///

23   ///

---

24   [1]*See also* Press Release, FDIC, FDIC Establishes IndyMac Federal Bank, FSB
     as Successor to IndyMac Bank, F.S.B., Pasadena, California (July 11, 2008)
25   (https://www.fdic.gov/news/news/press/2008/pr08056.html) (last visited 8/11/14).

26   [2]*See also* Press Release, FDIC, FDIC Closes Sale of Indymac Federal Bank,
     Pasadena, California (March 19, 2009) (https://www.fdic.gov/news/news/press/2009/pr09042.html)
27   (last visited 8/11/14).

     [3]The Court notes that the effective date of this transfer pre-dates OneWest's
28   acquisition of IndyMac Federal's assets.

IndyMac Federal substituted Quality Loan as the Trustee under the Deed of Trust instead of Old Republic Title Company on March 9, 2009. (ECF No. 133-8.) The Substitution of Trustee is dated March 9, 2009, signed on March 17, 2009, and recorded on March 19, 2009. (*Id.*) Deutsche also executed a substitution naming Quality Loan as trustee on March 19, 2012, which was recorded on March 26, 2012. (ECF No. 49-3.)

On March 10, 2009, Quality Loan recorded a Notice of Breach and Default and Election to Sell ("Notice of Default"). (ECF No. 73-4.) The Notice of Default stated that Quality Loan "is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary" without specifying precisely who the beneficiary was at the time. (*Id.*) On July 11, 2009, Quality Loan sent a Notice of Trustee's Sale setting a sale date of July 6, 2009. After a series of postponements for various reasons (ECF Nos. 13-9, 40-5, 73-7), Deutsche purchased the Property at the trustee's sale on February 28, 2013, for $692,806.40. (ECF No. 73-8.)

### B.    Procedural History

Hernandez filed this suit on February 28, 2012, for wrongful foreclosure, in state court seeking only declaratory and injunctive relief. (ECF No. 1.) On March 1, 2012, the state court issued a Temporary Restraining Order ("TRO") enjoining a March 2, 2012, scheduled sale. (ECF No. 1-2.) Before the state court preliminary injunction hearing was held, Defendants removed to this Court on March 7, 2012. (ECF No. 1.) Hernandez filed a motion for a TRO on March 29, 2012 (ECF No. 11), which was denied (ECF No. 27). Hernandez subsequently filed a second motion for TRO and preliminary injunction on August 22, 2012, seeking to enjoin a September 7, 2012, scheduled foreclosure sale of the Property on the grounds that the Court's prior order denying Plaintiffs motion for a TRO incorrectly applied the "tender rule."[4] (ECF No. 39.) The Court issued the TRO

///

---

[4]Hernandez filed his Motion as an ex parte emergency motion on August 21, 2012. The Court denied the Motion on the ground that good cause did not appear for ex parte relief, and directed Hernandez to re-file his motion as an emergency motion and serve Defendants. (ECF No. 38.)

1    (ECF No. 46), but ultimately denied Plaintiff's Motion for a Preliminary Injunction,

2    reasoning that Plaintiff had not established a likelihood of success on the merits. (ECF

3    No. 56.) Plaintiff appealed this denial to the Ninth Circuit, which ultimately affirmed the

4    Court's decision. (ECF No. 69.)

5         Plaintiff also filed a second suit in state court against Deutsche and Quality Loan.

6    *Hernandez v. Deutsche Bank Nat'l Trust Co.*, No. 2:13-cv-01431-MMD-CWH. That case

7    was removed and Judge Dorsey found "[t]he arguments raised by Plaintiff . . . [were]

8    materially the same as those raised" in this matter. (ECF No. 73-2.). Plaintiff's separate

9    lawsuit was ultimately consolidated with this case. (*Id.*)

10        Defendants then moved for summary judgment, arguing that the law of the case

11   dictates judgment in their favor and that Plaintiff's allegations do not support any claim

12   for relief. (ECF No. 73.) The Court rejected the law of the case argument and found that

13   questions of material fact remain as to whether Quality Loan was authorized to initiate

14   foreclosure proceedings. (ECF No. 94.)

15        Defendants and Quality have now moved for summary judgment, presenting the

16   single issue of Quality Loan's authority to record the Notice of Default. (ECF Nos. 131,

17   136.) Quality Loan also filed a request for judicial notice in connection with its motion

18   (ECF No. 133), which the Court grants.

19   **III.   DISCUSSION**

20        **A.    Legal Standard**

21        "The purpose of summary judgment is to avoid unnecessary trials when there is

22   no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*,

23   18 F.3d 1468, 1471 (9th Cir. 1994). The purpose of summary judgment is to avoid

24   unnecessary trials when there is no dispute as to the facts before the court. *Nw.*

25   *Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary

26   judgment is appropriate when "the movant shows that there is no genuine dispute as to

27   any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

28   P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). An issue is

"genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

1

2      **B.  Analysis**

3      Defendants and Quality Loan's motions assert the same argument in seeking

4  summary judgment — that Quality Loan was authorized to act as Deutsche's agent at

5  the time of the recording of the Notice of Default on March 10, 2009. (ECF Nos. 131,

6  136.) In denying Defendants' previous motion for summary judgment, the Court found

7  that the Notice of Default states that Quality Loan was acting as "either the original

8  trustee, the duly appointed substituted trustee, or acting as agent for the trustee or

9  beneficiary under a Deed of Trust."[5] (ECF No 94 at 7.) The Court rejected Defendants'

10  argument that Deutsche ratified Qualify Loan's filing of the Notice of Default, and found that

11  material issue of fact exists as to whether the agency relationship between Quality Loan and

12  Deutsche existed at the time of Quality Loan's filing of the Notice of Default. (*Id.* at 8-10.) If,

13  as Defendants argue, the undisputed evidence shows that Quality Loan was authorized to

14  act as Deutsche's agent at the time Quality Loan recorded the Notice of Default, then the

15  Notice of Default was not defective, thus resolving Plaintiff's wrongful foreclosure action.[6]

16      The Court agrees with Defendants that the undisputed evidence shows that Quality

17  Loan was authorized to act and did act as Deutsche's agent when it recorded the Notice of

18  Default. The Loan was subject to a pooling service agreement ("PSA") dated May 1, 2005,

19  where IndyMac assigned the beneficial interest under the Note and Deed of Trust to

20  Deutsche, as Trustee. (ECF No. 136-1 at 4; ECF Nos. 136-4, 136-5.) Thus, at the time that

21  Deutsche recorded the assignment of the Deed of Trust, Deutsche held the beneficial

22  interest in the Loan. IndyMac, "and its successors in interest," was appointed as the "Master

23  Servicer" under the PSA. (ECF No. 136-4 at 31.) IndyMac's assets were subsequently

24  transferred to IndyMac Federal in July 2008 under the direction of the FDIC. (*See*

25  ///

---

26      [5]At the time Quality Loan recorded the Notice of Default, Nevada law "required that the party filing the notice of default be an agent of the beneficiary." *See O'Connor v. National Default Servicing Corp.,* No. 3:13-cv-00274-MMD-WGC, 2014 WL 558712, at *3 (D. Nev. Feb. 10, 2014).

27      [6]Plaintiff's responses assert other factual disputes which are not material to this question. Accordingly, the Court will not address them.

28

1   discussion *supra* Sect. II(A).) On March 9, 2009, IndyMac Federal retained Quality Loan

2   to conduct the foreclosure sale.[7] (ECF No. 136-1 at 5; ECF No. 133-8.) Quality Loan

3   recorded the Notice of Default the next day, on March 10, 2009. (ECF No. 73-4.) While

4   the Substitution of Trustee was not recorded until March 19, 2009, at the time Quality

5   Loan recorded the Notice of Default, it was "acting as agent for the trustee or beneficiary

6   under a Deed of Trust dated 8/27/2003" as represented on the Notice of Default. (*Id.*)

7   Based on the undisputed evidence, the Court agrees with Defendants that Quality Loan

8   was acting as Deutsche's agent at the time it recorded the Notice of Default.

9   Accordingly, the Court will grant Defendants' motions.

10   **IV.   CONCLUSION**

11          The Court notes that the parties made several arguments and cited to several

12   cases not discussed above. The Court has reviewed these arguments and cases and

13   determines that they do not warrant discussion as they do not affect the outcome of the

14   two motions before the Court.

15          It is therefore ordered that Defendants' Motion for Summary Judgment (ECF No.

16   136) and Quality Loan's Motion for Summary Judgment and Request for Judicial Notice

17   (ECF Nos. 131, 133) are granted.

18          The Clerk is directed to enter judgment in defendants' favor and close this case,

19   as well as the member case, No. 2-13-cv001431-MMD-CWH.

20          DATED THIS 29th day of September 2016.

21

22

23          _____
            MIRANDA M. DU
            UNITED STATES DISTRICT JUDGE

24

25

26   _____

27          [7]The Substitution of Trustee is dated March 9, 2009. (ECF No 133-8 at 3.)
     Defendants offered evidence to show that their servicing records reflect that Quality
     Loan was retained as "attorney" to conduct the foreclosure on March 5, 2009. (ECF No.
28   136-9 at 2 ("F/C SETUP: 03-05-09".)